IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: T-MOBILE 2022 CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 3073 <br><br> Master Case No. 4:23-MD-03073-BCW |
| ALL ACTIONS | | **JUDGE BRIAN C. WIMES** |

## CLASS PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO *PRO SE* MOTION TO INTERVENE AS CO-PLAINTIFFS

*Pro se* proposed intervenors, Clark Collins and Rosalind Collins ("Proposed Intervenors"),[1] attempt to move under Rule 24(a) of the Federal Rules of Civil Procedure to intervene as of right as "additional plaintiffs in this action," or, in the alternative, for permissive intervention under Rule 24(b). Motion to Intervene as Co-Plaintiffs ("Motion to Intervene") [Dkt. No. 50], at 1. In particular, they claim that the existing Plaintiffs cannot adequately represent their interests. *Id.* Plaintiffs in the Consolidated Consumer Class Action Complaint [Dkt. No. 46]

---

[1] Proposed Intervenors' caption suggests they may intend to intervene in the matter of *Stephen Hart v. T-Mobile*, Case No. 4:23-cv-00372 (W.D. Mo.). Mr. Hart is also a *pro se* plaintiff. To be sure, Proposed Intervenors' caption also references this MDL, Case No. 4:23-MD-03073-BCW. Class Plaintiffs believe that the better construction is that Proposed Intervenors intend to intervene in MDL No. 3073. Accordingly, Class Plaintiffs file this opposition to the extent that Proposed Intervenors seek to intervene in *this case*, and not Mr. Hart's individual case.

Likewise, it is also not entirely clear whether Proposed Intervenors intend to intervene on their own behalf or are submitting the Motion to Intervene on Mr. Hart's behalf. Class Plaintiffs note that Mr. Hart has filed a contemporaneous *pro se* motion for a copy of full discovery in the MDL. [*See* Dkt. No. 49.] It is not clear whether the Proposed Intervenors have any relationship with Mr. Hart or whether Proposed Intervenors and Mr. Hart are coordinating their efforts. In their Motion to Intervene, Proposed Intervenors do not provide any explanation of their relationship, if any, with Mr. Hart. At any rate, Class Plaintiffs opposed Mr. Hart's motion for a copy of discovery [*see* Dkt. No. 55], and Class Plaintiffs likewise oppose the instant Motion to Intervene.

1

("Consolidated Complaint"),[2] by and through appointed Interim Co-Lead Class Counsel, file their Suggestions in Opposition to the Motion to Intervene as Co-Plaintiffs, and state as follows:

There is no basis to grant the Motion to Intervene. Intervention as a matter of right under Rule 24(a) is improper when the proposed intervenor is adequately represented, and the Eighth Circuit recognizes a presumption that class representatives adequately represent members of the class. The Proposed Intervenors' scant and conclusory allegations do not overcome this presumption, and the Court must therefore deny their request for intervention as a matter of right. Permissive intervention under Rule 24(b) is equally improper. Proposed Intervenors are not only adequately represented by Class Plaintiffs, but also Proposed Intervenors will not be able to contribute significantly to the factual development of the record or the adjudication of the legal issues. In fact, it is foreseeable that Proposed Intervenors would likely cause undue delay in the case and prejudice Class Plaintiffs.

Finally, nothing is preventing proposed intervenors from filing and prosecuting their own lawsuit over this matter. To the extent they are seeking to be named representatives in the pending Consolidated Complaint, that is a matter under the sole purview of the Interim Co-Lead Counsel.[3] And if this case settles or is otherwise resolved and Proposed Intervenors believe that their interests were not protected, they are always free to opt out at that time.

---

[2] Karisha Davis, Victor M. Flores, Leonardo Figueroa, Brian Heinz, Jason Oliver, Leroy Mellers, Heather Hosfeld, Helene Pry, Tammye Cook, Alison Owen, Andres Gomez, Jerome Cascio, Jeanine Koger, Alexandria Rehman, Christopher Smith, Jennifer Adelman, Larry Hickland, Demetrius K. Morrison, Ann Hicks, Joseph Valdez, Aaron Maxwell, Tera Williams, Frankie J. Gonzalez, Michael Magbaleta, Joseph Burka, Nicole Baez, Maria Daleo, Mathew Gunther, Gabrielle Vann, Jeremy Robbins, Charles Layman, Robin Dollson, Peter Ferrandino, Linda Cameron, Jesus Hernandez, Brendan Williams, Benjamin Atwell, and Jiho Kim ("Class Plaintiffs").

[3] The Court, by means of its Order Appointing Interim Leadership Counsel [Dkt. No. 39], has already determined that Interim Class Counsel is adequate, and Proposed Intervenors have pointed to no facts contradicting this preliminary finding.

# ARGUMENT

Even "accept[ing] as true all material allegations in the motion to intervene and . . . constru[ing] the motion in favor of the [Proposed Intervenors]," *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 973 (8th Cir. 2014), there is no basis to grant the Motion to Intervene.

**I.   There is no factual or legal basis to grant intervention as a matter of right under Rule 24(a).**

The Proposed Intervenors may not intervene as a matter of right. *See Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1005–06 (8th Cir. 2020).

> Under Federal Rule of Civil Procedure 24(a)(2), "a court must permit anyone to intervene who: (1) files a timely motion to intervene; (2) 'claims an interest relating to the property or transaction that is the subject of the action'; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties."

*Id.* at 1004 (quoting *Nat'l Parks Conservation Ass'n*, 759 F.3d at 975); *see* Fed. R. Civ. P. 24(a)(2). Here, even assuming that the first three elements are met, the Proposed Intervenors cannot show they are "not adequately represented by the existing parties."

On the contrary, "[t]here is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members." *Jenkins by Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996); *accord Swinton*, 960 F.3d at 1005. Although the burden to show inadequate representation is "'minimal'" in non-class action cases, the "*Jenkins* presumption" creates a more stringent standard in class actions because the Eighth Circuit "has recognized that the applicant for intervention bears a heavier burden on this factor when a party in the suit has an obligation to represent the interests of the party seeking to intervene.'" *Swinton*, 960 F.3d at 1005 (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1168 (8th Cir. 1995)). Rule 23(a)(4) requires that class representatives "will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

3

23(a)(4). Proposed Intervenors' allegations establish that they are members of the Class. *See* Motion to Intervene ¶¶ 6, 7.

Moreover, the Proposed Intervenors seek effectively the "same relief for the same claims" as the Class Plaintiffs, which weighs in favor of finding that they are adequately represented.[4] *See Swinton*, 960 F.3d at 1005. Like Class Plaintiffs, the Proposed Intervenors assert several common law causes of action and seek damages and injunctive relief to remedy T-Mobile's data breach. *See* Motion to Intervene ¶¶ 34–37. Although Proposed Intervenors ask for some aspects of relief different than Class Plaintiffs, *see id.* ¶¶ 38–40 (seeking, *e.g.*, fifteen years of cellular service and four iPhones, etc.), it is manifest that they "share the same ultimate objective" as Class Plaintiffs, *see Bradley v. Milliken*, 828 F.2d 1186, 1193 (6th Cir. 1987), and the Eighth Circuit has made clear that "disagreements over the details of the remedy . . . do not show inadequate representation." *Jenkins*, 78 F.3d at 1276.

Indeed, the overwhelming similarity of claims, alleged facts, and requested relief demonstrates why the Motion to Intervene should be denied: As the Supreme Court has observed, motions to intervene by class members "frustrate the principal function of a class suit" because such motions—although not *per se* prohibited—present "precisely the multiplicity of activity which Rule 23 was designed to avoid in those cases where a class action is found 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 551 (1974) (quoting Fed. R. Civ. P. 23(b)(3)); *accord Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002); *see also In re T-Mobile Customer Data Security Breach Litig.*, 4:21-md-03019-BCW (Dkt. 235) (W.D. Mo. June 29, 2023), at 10 ("*T-Mobile I*") (finding the

---

[4] Correspondingly, the bulk of Proposed Intervenors' motion makes effectively the same factual allegations as the Class.

4

superiority prong of Rule 23(b) satisfied because "litigating the claims of the approximately 76.6 million Settlement Class Members would be inefficient, and a class action represents a superior means through which these Settlement Class Members may obtain relief").

Proposed Intervenors make just two allegations over the span of nearly forty total substantive paragraphs to contend that Class Plaintiffs do not adequately represent them. *See* Motion to Intervene ¶¶ 32, 33. One paragraph claims that the "$350 million dollar settlement" this Court approved in June 2023 in *T-Mobile I* "amounts to . . . less than three dollars per customer" "[a]fter attorney fees are calculated and with more than 100 million T-Mobile customers." *Id.* ¶ 32. In Proposed Intervenors' view, "[t]his net amount per customer is far reaching in its inadequacy to mitigate the damage from such a data breach." *Id.* The other allegation simply indicates Proposed Intervenors' conclusory and subjective belief that they are "cognitively aware that Plaintiff, nor any other plaintiffs involved with this litigation . . . will protect nor adequately represent Intervenors' interests." *Id.* ¶ 33.

Proposed Intervenors' allegations are insufficient to overcome the *Jenkins* presumption. Proposed Intervenors *do not* allege that the settlement was a product of collusion or some interest adverse to theirs. *See Liddell v. Caldwell*, 546 F.2d 768, 771 (8th Cir. 1976) ("The controlling rule here is that representation is adequate if there is no collusion between the representative and an opposing party; if the representative does not have or represent an interest adverse to the applicant; or if the representative does not fail in the fulfillment of his duty."); *accord Swinton*, 960 F.3d at 1006. They do not allege any "mendacity" or "underhanded activity" on Plaintiffs' or Class

5

Counsel's part, *see Swinton*, 960 F.3d at 1005–06 (quotation omitted), and Proposed Intervenors do not allege that their interests are distinct or atypical from those of the class.[5]

Moreover, this Court oversaw that previous settlement and found it more than adequate. *See T-Mobile I*, Dkt. 235, at 48–49. The settlement was—as this Court correctly observed—one of "the largest data breach settlements in history" and *two or three times the size of other large data breach settlements* on a "per capita basis." *Id.* at 30. Thus, the Court had no trouble finding that "[t]he relief offered to Class Members in the . . . Settlement is adequate under the factors outlined in Rule 23(e)(2)(C)." *See id.* at 19.

Equally, the Court found that "[t]he Settlement Class Representatives and Class Counsel have adequately represented Settlement Class Members and will continue to do so." *Id.* at 9.

> The Court finds that the Settlement Class Representatives and Class Counsel have provided adequate representation to the Settlement Class by diligently pursuing this case in the face of numerous and substantial risks, negotiating a robust Settlement that provides Settlement Class Members with significant relief, and working on behalf of Settlement Class Members in the settlement approval process.

*Id.* at 18. Therefore, even if the Proposed Intervenors' allegations are taken to allege a "fail[ure] in the fulfillment of a duty," *see Liddell*, 546 F.2d at 771, that allegation is simply "contrary to the record in this case," *see Jenkins*, 78 F.3d at 1276.

To be sure, Proposed Intervenors may subjectively believe that the settlement was too small or that the representation of the absent class members' interests was inadequate, *see* Motion to Intervene ¶ 33, but that conclusory allegation is insufficient to overcome the presumption of

---

[5] In fact, as this Court found: "The Settlement Class Representatives are similarly situated to and do not have any interests antagonistic to absent Settlement Class Members, and they have retained lawyers whom the Court has recognized as being informed and experienced, thus satisfying the adequacy requirement." *T-Mobile I*, Dkt. 235, at 9; *see also id.* at 34 (noting the Class was represented by "highly skilled and reputable attorneys, who are experienced in litigating data breach cases").

6

adequate representation.[6] *See Jenkins*, 78 F.3d at 1276 ("While the Jenkins class may not have completely satisfied all of its members, there is no showing that its conduct has been so deficient as to render its representation inadequate."). Generally, a proposed intervenor must make a "concrete showing of circumstances in the particular case that make the representation inadequate." 7C Fed. Prac. & Proc. Civ. § 1909, Intervention under the 1966 Amended Rule—Adequacy of Representation (3d ed.).[7] The Proposed Intervenors have not attempted to make any such a showing here.

Accordingly, there is no factual or legal basis to grant Proposed Intervenors' motion for intervention as a matter of right, and the Court should therefore deny this ground for intervention.

## II. Permissive intervention under Rule 24(b) is unwarranted and, in fact, could cause delay and prejudice.

The Court should also deny the Proposed Intervenors' motion for permissive intervention under Rule 24(b).

Rule 24(b) provides that "the court *may* permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with

---

[6] As is true of all class action settlements, there were a handful of objectors and opt outs—truly, an exceedingly small amount given the size of the Settlement Class, *see T-Mobile I*, Dkt. No. 235, at 23, 35—in the previous T-Mobile Data Breach Settlement. *See id.* at 24 ("A few Settlement Class Members express genuine frustration with the fact that T-Mobile compromised their personal information and the scope of the benefits made available under the Settlement."). However, those objections did not require the Court to reject the settlement. *See id.* at 23–27; *see also id.* at 38–47 (overruling objections to requested attorneys' fees).

[7] *See also Vollmer v. Publishers Clearing House*, 248 F.3d 698, 703–04, 706 (7th Cir. 2001) (finding district court was within its discretion to deny intervention as of right where party could not demonstrate inadequate representation—general allegations regarding collusion and inadequate monetary recovery were insufficient); *Carlough v. Amchem Products, Inc.*, 5 F.3d 707, 711 (3rd Cir. 1993) (affirming denial of motion to intervene under Rule 24(a) where the party had failed "to demonstrate that their interests would not be represented adequately by the named class plaintiffs"). Of course, even concrete and detailed allegations are not always sufficient. *See Swinton*, 960 F.3d at 1006 (denying motion to intervene where there was "insufficient evidence" of inadequate representation).

the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1) (emphasis added). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). "If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." 7C Wright, Miller & Kane, Federal Practice and Procedure § 1913, at 376–77; *see also Bush v. Viterna,* 740 F.2d 350, 359 (5th Cir. 1984) ("Permissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.").

"In exercising its discretion [under Rule 24(b)], the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Additionally, the Court may consider whether the Plaintiff Class adequately represents the Proposed Intervenors' interests. *See South Dakota*, 317 F.3d at 787; *United States Postal Serv. v. Brennan,* 579 F.2d 188, 191 (2d Cir. 1978) (noting that adequacy of representation is a relevant factor in permissive intervention analysis); *North Dakota v. Heydinger*, 288 F.R.D. 423, 429 (D. Minn. 2012) ("Movants' intervention [under Rule 24(b)] in this matter is unnecessary, as Defendants adequately represent their common interests."), *report and recommendation adopted*, No. 11-CV-3232 SRN/SER, 2013 WL 593898 (D. Minn. Feb. 15, 2013). Finally, the Court may consider "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326,

8

1329 (9th Cir. 1977) (footnote omitted); *accord Brennan*, 579 F.2d at 191–92; *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984).

Here, permissive intervention would be improper. As above, Proposed Intervenors cannot show that Class Plaintiffs do not adequately represent their interests, *see supra* at 3–7, and so their "intervention in this matter is unnecessary." *North Dakota*, 288 F.R.D. at 429. On the contrary, interventions by class members threaten to "defeat[]" "one of the major goals of class action litigation": "simplify[ing] litigation involving a large number of class members with similar claims." *Devlin*, 536 U.S. at 10.[8]

This litigation is likely to be costly, complex, and labor-intensive. There will be extensive document discovery, expert discovery, and deposition practice. Take document discovery, for example. Document discovery will inevitably require the negotiation of the production of documents and then document production, storage, and review. Depending on the volume of documents, this will be labor-intensive and most efficiently conducted under the purview of Interim Class Counsel.[9] Proposed Intervenors will not be able to "significantly contribute" to conducting the document review itself, and their involvement may impede it. *See Spangler*, 552 F.2d at 1329. Thus, it is likely that granting the Motion to Intervene will "unduly delay" this litigation and "prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3);

---

[8] Moreover, courts have routinely held that where the reason for bringing a motion to intervene is to preserve the right to discovery, such a motion is improper and unnecessary. *See In re Domestic Air Transport Antitrust Litig.*, 144 F.R.D. 421, 423 (N.D. Ga. 1992) ("[O]bjectors would be no more entitled to the discovery they seek as interveners than they are as class members."); *Vollmer*, 248 F.3d at 704 (permissive intervention denied where, "after hearing Mr. Hawk, it now believed that he was not 'here because [he] ha[d] serious questions about the injunctive relief that the Court has authored,' but that the 'intervention was for purposes of conducting discovery'").

[9] Expert discovery and deposition practice will involve additional costs and labor-commitments.

*see Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999) ("[T]he district court made clear that it thought that the addition of still more parties would complicate a case that badly needed to be expedited. This is plainly a permissible consideration . . . ." (citing Fed. R. Civ. P. 24(b)(2))).

Finally, the Proposed Intervenors have another avenue to protect their interests: They can opt out, upon a class being certified, and then litigate their case in the manner of their choosing. *See In re Holocaust Victim Assets Litigation*, 225 F.3d 191, 199 (2d Cir. 2000) (affirming, *inter alia*, that there was no prejudice to proposed intervenors where they "remain[ed] free" to file and pursue "a separate action"); *see also Webcor Electronics v. Whiting*, 101 F.R.D. 461, 463 (D. Del. 1984) (noting intervention was unnecessary where the court had previously and unequivocally indicated that "as either an objector or an intervenor" the proposed intervenor "would have a right of discovery into the fairness of the settlement"). While the ability to opt out does not, by itself, defeat a motion to intervene in a class action, *see Swinton*, 960 F.3d at 1004–05, it remains a relevant factor for the Court's consideration. *See Daggett*, 172 F.3d at 113 (under Rule 24(b)(2), "the district court can consider almost any factor rationally relevant"). Proposed Intervenors can fully protect their interests—and the purposes of Rule 23 can be better preserved—with a timely opt out by Proposed Intervenors, if they feel it is necessary to do so.

Accordingly, the Court should exercise its discretion and deny the motion for permissive intervention. *See South Dakota*, 317 F.3d at 787.

## **CONCLUSION**

Based on the foregoing, Class Plaintiffs respectfully request that the Court enter an Order denying the Motion to Intervene.

RESPECTFULLY SUBMITTED this 26th day of April, 2024.

| | |
|---|---|
| */s/ Norman E. Siegel* | */s/ Cari Campen Laufenberg* |
| Norman E. Siegel, MO #44378 | Cari Campen Laufenberg (*Pro Hac Vice*) |
| **STUEVE SIEGEL HANSON LLP** | **KELLER ROHRBACK L.L.P.** |
| 460 Nichols Rd., Ste. 200 | 1201 Third Avenue |
| Kansas City, MO 64112 | Suite 3200 |
| Tel: (816) 714-7100 | Seattle WA 98101 |
| Fax: (816) 714-7101 | Tel: (206) 623-1900 |
| siegel@stuevesiegel.com | Fax: (206) 623-3384 |
| | claufenberg@kellerrohrback.com |
| | |
| */s/ James J. Pizzirusso* | */s/ James E. Cecchi* |
| James J. Pizzirusso (*Pro Hac Vice*) | James E. Cecchi (*Pro Hac Vice*) |
| **HAUSFELD LLP** | **CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO** |
| 888 16th St. NW, Ste. 300 | 5 Becker Farm Road, Ste. 2nd Floor |
| Washington, DC 20006 | Rosalind, NJ 07068 |
| Tel: (202) 540-7200 | Tel: (973) 994-1700 |
| Fax: (202) 540-7201 | Fax: (973) 994-1744 |
| jpizzirusso@hausfeld.com | jcecchi@carellabyrne.com |

*Co-Lead Interim Class Counsel*

| | |
|---|---|
| Kaleigh N. Boyd | Thomas P. Cartmell |
| **TOUSLEY BRIAN STEPHENS PLLC** | **WAGSTAFF & CARTMELL** |
| 1200 5th Ave., Ste. 1700 | 4740 Grand Ave., Ste. 300 |
| Seattle, WA 98101 | Kansas City, MO 64112 |
| Tel: (206) 340-5991 | Tel: (816) 701-1102 |
| kboyd@tousley.com | tcartmell@wcllp.com |
| | |
| Maureen Brady | Candace N. Smith |
| **MCSHANE & BRADY** | **HERMAN JONES LLP** |
| 1656 Washington St., Ste. 120 | 3424 Peachtree Road NE, Ste. 1650 |
| Kansas City, MO 64108 | Atlanta, GA 30326 |
| Tel. (816) 888-8010 | Tel. (404) 504-6508 |
| mbrady@mcshanebradylaw.com | csmith@hermanjones.com |

Thomas E. Loeser
**COTCHETT PITRE & MCCARTHY LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel. (206) 970-8181
tloeser@cpmlegal.com

*Executive Committee and Liaison Counsel*

**CERTIFICATE OF SERVICE**

In addition to serving the foregoing via ECF on all parties and their counsel, I hereby certify that a copy of the foregoing has been mailed to:

Clark and Rosalind Collins
16416 Spotted Eagle Dr.
Leander, TX 78641

Stephen Hart, #709148
County Jail #3
CJ3 1B 19L
1 Moreland Ave.
San Bruno, CA 94066

Dated: April 26, 2024

                                                */s/ Norman E. Siegel*
                                                Norman E. Siegel